Kristy A. Hernandez - SBN 231141
LAW OFFICES OF KRISTY A. HERNANDEZ
7777 Greenback Lane, Ste 212
Citrus Heights, CA 95610
Ph: 916-728-1500
Fx: 916-728-1515

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>RONNIE LEE SMITH<br><br>BONNIE LOU SMITH<br><br>Debtors | Case No. 2011-49966<br>Hearing Date: February 22, 2012<br>Hearing Time: 10:00 AM<br>Honorable Judge Bardwil<br>Department D, Courtroom 34<br>DCN: KH-1 |

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS

Kristy A. Hernandez of Law Offices of Kristy A. Hernandez, on behalf of Ronnie Lee Smith and Bonnie Lou Smith, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on December 30, 2011. Susan K. Smith was duly appointed to serve as Trustee.

2. As shown in the filed schedules of this case, the Debtors operate a business, Bonnie's Barber Shop. Said business is located at 5054 Roseville Road in North Highlands, CA 95660.

3. The Debtors' tools of the trade, equipment, accounts receivable (if any) and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedule B (Exhibit A). The business assets in this case consist of 3

Motion to Compel            1

Barber chairs, 6 waiting chairs, 3 clippers, 2 T-edgers, 1 hair dryer, 1 vacuum, 12 towels, 2 27inch televisions, hair gel, hair spray, and shaving cream. The Debtors have placed values on these assets in the aggregate total of $1850.00. In addition, the Debtors' assets consist of the value of the business, (hereinafter, "BUSINESS VALUE") which was also disclosed in Schedule B, and exempted in Schedule C as $500.

4. As shown in Schedule D (Exhibit B), the Debtors assert that no Creditors hold any liens against the BUSINESS ASSETS or BUSINESS VALUE.

5. As shown in Schedule C (Exhibit C), the Debtors have claimed exemptions totaling $2350.00 against the values of the BUSINESS ASSETS and BUSINESS VALUE.

6. In summary

   a. Gross value of BUSINESS ASSETS and BUSINESS VALUE.................$2350.00

   b. Liens against the BUSINESS ASSETS and BUSINESS VALUE.................-$   .00

   c. Gross Equity ............................................................................... $2350.00

   d. Exemptions claimed on the BUSINESS ASSETS and BUSINESS VALUE............
   .........................................................................................-$2350.00

   e. Net value of BUSINESS ASSETS to the estate............................................**0 .00**

7. The Debtors assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors.

8. The Debtors are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is obliged to shut down the business or abandon the estate's interest in the business.

9. However, the Debtors assert that, based on the lack of any un-exempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating OR shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Respectfully submitted on January 11, 2012.

>/s/ *Kristy A. Hernandez*
> Kristy A. Hernandez
> Law Offices of Kristy A. Hernandez